UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

BRIAN JOSEPH BUGALSKI,

        Petitioner,

v.   Case No. 05-C-0436

UNITED STATES OF AMERICA,

        Respondent.

---

ORDER SCREENING HABEAS PETITION PURSUANT TO RULE 4 OF THE RULES
GOVERNING HABEAS CORPUS CASES UNDER SECTION 2255 AND ORDER
DISMISSING THE CASE

---

On April 15, 2005, the petitioner filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For reasons explained herein, the court will deny the petition.

<u>Underlying Criminal Conviction and Procedural History</u>

On October 3, 2000, a grand jury sitting in this district returned a five-count superceding indictment against the petitioner. (Doc. # 17, *United States v. Bugalski*, 00-CR-121.) Counts one through four charged that the petitioner, who previously had been convicted of a felony involving a controlled substance, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, on four separate occasions in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. Count five alleged that the petitioner, having been previously convicted of a controlled substance felony, did knowingly and intentionally possess with intent to distribute less than five hundred (500) grams of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.

At the petitioner's November 30, 2000, change of plea hearing, the petitioner entered a plea of guilty to counts one through four of the superceding indictment. On February 23, 2001, the court sentenced the petitioner to concurrent terms of incarceration for two hundred and ten months (210) as to each of the four counts and imposed concurrent six-year terms of supervised release as to the four counts. (Doc. # 35.) The court advised the petitioner of the additional conditions of supervised release, ordered him to pay the buy money as restitution in the amount of three thousand one hundred and seventy-five dollars ($3,175.00) and the special assessment fee of four hundred dollars ($400.00). (*Id.*) The Clerk entered the petitioner's judgment of conviction on February 27, 2001, and the petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit.

Pursuant to Circuit Rule 57, which governs remands for revision of judgment, the petitioner, on September 20, 2002, filed an unopposed motion asking this court to issue an opinion indicating its willingness to resentence the petitioner and entered an amended judgment of conviction. (Doc. # 49.) The petitioner offered that the court should have ordered him to repay buy money as a condition of supervised release rather than as restitution. (*Id.*) On October 11, 2002, this court entered an order advising that if the Seventh Circuit remanded the petitioner's criminal case, it would conduct further sentencing proceedings to address the error involving buy money. (Order of 10/11/02).

The case was remanded on November 18, 2002, and on July 31, 2003, a corrected judgment of conviction was entered and copies were sent to counsel. Because Circuit Rule 57 advises that "any party dissatisfied with the judgment as modified must file a fresh notice of appeal[,]" the petitioner had to file a new notice of appeal. Cir. R. 57 (2002). But the record in the petitioner's criminal case reveals that his amended judgment of conviction was not appealed.

Discussion

Before a petitioner, who seeks relief under 28 U.S.C. § 2255, may proceed further, the court must review the case under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2255 ("Rule 4"). Rule 4 states that

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or take such other action as the judge deems appropriate.

Rule 4.

Congress imposed a one year statute of limitation period on all § 2255 petitions. 28 U.S.C. § 2255. The limitation period begins from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. After the Clerk entered the corrected judgment of conviction on Thursday, July 31, 2003, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure gave the petitioner ten days, excluding holidays and weekends, to file his notice of appeal with this court. FED. R. APP. P. 4(b)(1)(A); FED. R. CRIM. P. 45(a)(2). Accordingly, the petitioner

had until Thursday, August 14, 2003, to file the notice of appeal. The petitioner elected not to file a notice of appeal. Consequently, on Friday, August 15, 2003, the petitioner's conviction, as corrected, became final.

Pursuant to the express terms of § 2255, the petitioner had until Monday, August 16, 2004, exactly one year from the date his conviction became final, to collaterally attack his criminal conviction.[1] *See* 28 U.S.C. § 2255. The petitioner, however, waited until April 15, 2005, to file his § 2255 petition. Because the petitioner filed the petition approximately eight (8) months after the August 16, 2004, deadline, the petitioner's § 2255 petition is untimely. Consequently, the time limitations under § 2255 prevent the petitioner from seeking relief from this court and this court must abstain from addressing the claims the petitioner raised in the petition.

Now, therefore,

IT IS ORDERED that the petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is denied.

IT IS FURTHER ORDERED that this case is closed.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

---

[1] Because August 15, 2004, was a Sunday, the petitioner had until the next business day to file a § 2255 petition.